E-FILED
Friday, 15 March, 2019 02:43:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TIMI W., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-01366-SLD-EIL |
| | ) |
| NANCY BERRYHILL, | ) |
| | ) |
| Defendant. | ) |

ORDER

Plaintiff Timi W. filed an application for disability insurance benefits and supplemental security income. The Commissioner of the Social Security Administration ("the Commissioner") denied his application, and Timi seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g). *See* Compl., ECF No. 1. Before the Court are Timi's Motion for Summary Judgment, ECF No. 11, the Commissioner's Motion for an Order Which Affirms the Commissioner's Decision, ECF No. 15, and United States Magistrate Judge Eric Long's Report and Recommendation ("R&R"), ECF No. 17, which recommends granting Timi's motion and denying the Commissioner's motion.

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

1

Neither party filed objections to the R&R, so the Court reviews it for clear error only. *Cf.* CDIL-LR 7.1(B)(2) ("If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties."); *Id.* 72.2(B) ("Failure to file an objection to a [R&R] . . . constitutes waiver of further review of the issue."). "Clear error is an extremely deferential standard of review, and will only be found to exist where the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quotation marks omitted); *see Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) ("If no party objects to the magistrate judge's action, the district judge may simply accept it.").

Judge Long's review was limited to determining only whether the ALJ applied the correct legal standard and whether substantial evidence supports the ALJ's decision. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quotation marks omitted). The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted). On review, a court cannot reweigh the evidence, decide questions of credibility, or substitute its own judgment, but must "nonetheless conduct a critical review of the evidence." *McKinzey*, 641 F.3d at 889.

The Court has reviewed the R&R, the parties' motions and memoranda, the record, and the applicable law. Section III(a)(1) of the R&R purports to address the ALJ's assessment of the "paragraph B" criteria at step two of the five-step analysis.[1] R&R 3–7. But the regulation

---

[1] *See* 20 C.F.R. § 404.1520(a)(4) (indicating that an ALJ considers, at step one, work activity; at step two, the medical severity of impairments; at step three, whether an impairment meets or equals a presumptive disability; at

2

explaining step three is cited in the introduction to that Section. *See id.* at 3 (citing 20 C.F.R. § 404.1520(a)(4)(iii)). The introduction also states that the ALJ was required to consider whether Timi was markedly restricted in the four "paragraph B" areas. *Id.* at 4. But to be considered a severe impairment at step two, a mental impairment need not cause marked restrictions. *Cf.* 20 C.F.R. § 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild,' [as opposed to moderate, marked, or extreme,] we will generally conclude that your impairment(s) is not severe . . . ."). The requirement for marked impairments relates to whether an impairment meets or medically equals a listing at step three. *See* 20 C.F.R. pt. 404, subpt. P, App. 1, § 12.00(A)(2)(b) ("To satisfy the paragraph B criteria, your mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning."). The Court cannot determine whether Section III(a)(1)'s analysis relates to step two or three. Nevertheless, the Court agrees that the ALJ's decision should be reversed and the cause remanded for the reasons stated in the remainder of the R&R.

Accordingly, the Report and Recommendation, ECF No. 17, is ADOPTED. Plaintiff Timi W.'s Motion for Summary Judgment, ECF No. 11, is GRANTED and the Commissioner's Motion for an Order Which Affirms the Commissioner's Decision, ECF No. 15, is DENIED. Pursuant to 42 U.S.C. § 405(g), the Commissioner's decision in this matter is REVERSED and the cause is REMANDED for further proceedings. The Clerk is directed to enter judgment and close the case.

Entered this 15th day of March, 2019.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

step four, residual functional capacity ("RFC") and past work; and at step five, RFC and other work in the economy).